1

The Honorable James L. Robart

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

8

9

| | |
|---|---|
| SHANE BARNETT, | Case No. 2:17-CV-00839-JLR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| OFFICE DEPOT INC., | |
| Defendant. | |

10

11

12

13

14

15   1.    PURPOSES AND LIMITATIONS

16        Discovery in this action is likely to involve production of confidential, proprietary, or

17   private information for which special protection may be warranted. Accordingly, the parties

18   hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

19   parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

20   protection on all disclosures or responses to discovery, the protection it affords from public

21   disclosure and use extends only to the limited information or items that are entitled to

22   confidential treatment under the applicable legal principles, and it does not presumptively entitle

23   parties to file confidential information under seal.

24   2.    "CONFIDENTIAL" MATERIAL

25        "Confidential" material shall include the following documents and tangible things

26   produced or otherwise exchanged: (a) sensitive personnel information regarding Office Depot's

**STIPULATED PROTECTIVE ORDER** - 1
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1    employees and former employees; (b) non-public financial information of either Plaintiff or

2    Defendant; (c) trade secrets or other non-public, confidential, and proprietary information

3    belonging to Defendant including, but not limited to, policy communications among select

4    employees; and (d) medical records of Plaintiff. "Sensitive personnel information" includes,

5    without limitation, documents and information relating to employee compensation,

6    investigations, performance evaluations, personal notes, employee medical records, employee

7    health insurance records, expense records, and employee discipline records.

8    3.    SCOPE

9          The protections conferred by this agreement cover not only confidential material (as

10    defined above), but also (1) any information copied or extracted from confidential material; (2)

11    all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

12    conversations, or presentations by parties or their counsel that might reveal confidential material.

13        However, the protections conferred by this agreement do not cover information that is in

14    the public domain or becomes part of the public domain through trial or otherwise.

15    4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

16        4.1    Basic Principles. A receiving party may use confidential material that is disclosed

17    or produced by another party or by a non-party in connection with this case only for prosecuting,

18    defending, or attempting to settle this litigation. Confidential material may be disclosed only to

19    the categories of persons and under the conditions described in this agreement. Confidential

20    material must be stored and maintained by a receiving party at a location and in a secure manner

21    that ensures that access is limited to the persons authorized under this agreement.

22        4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

23    ordered by the court or permitted in writing by the designating party, a receiving party may

24    disclose any confidential material only to:

25        (a)    the receiving party's counsel of record in this action, as well as employees

26    of counsel to whom it is reasonably necessary to disclose the information for this litigation;

**STIPULATED PROTECTIVE ORDER - 2**
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1          (b)      the officers, directors, and employees (including in house counsel) of the

2    receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

3    agree that a particular document or material produced is for Attorney's Eyes Only and is so

4    designated;

5          (c)      experts and consultants to whom disclosure is reasonably necessary for

6    this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

7    A);

8          (d)      the court, court personnel, and court reporters and their staff;

9          (e)      copy or imaging services retained by counsel to assist in the duplication of

10   confidential material, provided that counsel for the party retaining the copy or imaging service

11   instructs the service not to disclose any confidential material to third parties and to immediately

12   return all originals and copies of any confidential material;

13         (f)      during their depositions, witnesses in the action to whom disclosure is

14   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

15   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

16   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

17   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

18   under this agreement;

19         (g)      the author or recipient of a document containing the information or a

20   custodian or other person who otherwise possessed or knew the information.

21   4.3      Filing Confidential Material. Before filing confidential material or discussing or

22   referencing such material in court filings, the filing party shall confer with the designating party

23   to determine whether the designating party will remove the confidential designation, whether the

24   document can be redacted, or whether a motion to seal or stipulation and proposed order is

25   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

26

**STIPULATED PROTECTIVE ORDER** - 3
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1    standards that will be applied when a party seeks permission from the court to file material under

2    seal.

3    5.    DESIGNATING PROTECTED MATERIAL

4          5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

5    or non-party that designates information or items for protection under this agreement must take

6    care to limit any such designation to specific material that qualifies under the appropriate

7    standards. The designating party must designate for protection only those parts of material,

8    documents, items, or oral or written communications that qualify, so that other portions of the

9    material, documents, items, or communications for which protection is not warranted are not

10   swept unjustifiably within the ambit of this agreement.

11         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

13   unnecessarily encumber or delay the case development process or to impose unnecessary

14   expenses and burdens on other parties) expose the designating party to sanctions.

15         If it comes to a designating party's attention that information or items that it designated

16   for protection do not qualify for protection, the designating party must promptly notify all other

17   parties that it is withdrawing the mistaken designation.

18         5.2    Manner and Timing of Designations. Except as otherwise provided in this

19   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

20   ordered, disclosure or discovery material that qualifies for protection under this agreement must

21   be clearly so designated before or when the material is disclosed or produced.

22         (a)    Information in documentary form: (*e.g.*, paper or electronic documents

23   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

24   proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

25   contains confidential material. If only a portion or portions of the material on a page qualifies for

26

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:17-CV-00839-JLR

1    protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

2    making appropriate markings in the margins).

3         (b)    Testimony given in deposition or in other pretrial proceedings: the parties

4    and any participating non-parties must identify on the record, during the deposition or other

5    pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

6    testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

7    receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

8    transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect

9    confidential information at trial, the issue should be addressed during the pre-trial conference.

10        (c)    Other tangible items: the producing party must affix in a prominent place

11   on the exterior of the container or containers in which the information or item is stored the word

12   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

13   the producing party, to the extent practicable, shall identify the protected portion(s).

14        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

15   designate qualified information or items does not, standing alone, waive the designating party's

16   right to secure protection under this agreement for such material. Upon timely correction of a

17   designation, the receiving party must make reasonable efforts to ensure that the material is

18   treated in accordance with the provisions of this agreement.

19   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

20        6.1    Timing of Challenges. Any party or non-party may challenge a designation of

21   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

22   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

23   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

24   challenge a confidentiality designation by electing not to mount a challenge promptly after the

25   original designation is disclosed.

26

**STIPULATED PROTECTIVE ORDER** - 5
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**STIPULATED PROTECTIVE ORDER - 6**
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1    8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2         If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

3    material to any person or in any circumstance not authorized under this agreement, the receiving

4    party must immediately (a) notify in writing the designating party of the unauthorized

5    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

6    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

7    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

8    Agreement to Be Bound" that is attached hereto as Exhibit A.

9    9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

10   MATERIAL

11        When a producing party gives notice to receiving parties that certain inadvertently

12   produced material is subject to a claim of privilege or other protection, the obligations of the

13   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

14   provision is not intended to modify whatever procedure may be established in an e-discovery

15   order or agreement that provides for production without prior privilege review. The parties

16   agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

17   10.   NON TERMINATION AND RETURN OF DOCUMENTS

18        Within 60 days after the termination of this action, including all appeals, each receiving

19   party must return all confidential material to the producing party, including all copies, extracts

20   and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

21   destruction.

22        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

23   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

24   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

25   work product, even if such materials contain confidential material.

26

**STIPULATED PROTECTIVE ORDER - 7**
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1    The confidentiality obligations imposed by this agreement shall remain in effect until a

2 designating party agrees otherwise in writing or a court orders otherwise.

3

4    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5 DATED this 10th day of August, 2017

6

7

8   /s/ Thomas P. Holt                         /s/ Jesse Wing
    James G. Zissler, WSBA #30287              Jesse Wing, WSBA #27751
9   jzissler@littler.com                       JesseW@MHB.com
    Thomas P. Holt, WSBA #39722                Angela C. Galloway, WBA #45330
10  tholt@littler.com                          AngelaG@MHB.com
    LITTLER MENDELSON, P.C.                    MACDONALD HOAGUE & BAYLESS
11  One Union Square                           705 Second Avenue, Suite 1500
    600 University Street, Suite 3200          Seattle, WA 98104
12  Seattle, WA  98101.3122                    Phone:      (206) 622.1604
    Phone:       206.623.3300                  Fax:        (206) 343.3961
13  Fax:         206.447.6965
                                               Attorneys for Plaintiff SHANE BARNETT
14  Attorneys for Defendant
    OFFICE DEPOT INC.
15

16

17

18

19

20

21

22

23

24

25

26

**STIPULATED PROTECTIVE ORDER - 8**
Case No. 2:17-CV-00839-JLR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: August 15, 2017

HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT COURT JUDGE

**STIPULATED PROTECTIVE ORDER** - 9
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Western District of Washington on

_____ [date] in the case of *Shane Barnett vs. Office Depot, Inc.,* Case No. 2:17-CV-

00839-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Firmwide:147785068.4 077066.1027

**STIPULATED PROTECTIVE ORDER** - 10
Case No. 2:17-CV-00839-JLR

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300